FILED

DEBRA WONG YANG
United States Attorney
THOMAS P. O'BRIEN
Assistant United States Attorney
Chief, Criminal Division
ELLYN MARCUS LINDSAY (Cal. SBN: 116847)
Assistant United States Attorney
Major Frauds Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2041
    Facsimile: (213) 894-6269
    E-mail: ellyn.lindsay@usdoj.gov

Attorneys for Plaintiff
United States of America

2006 OCT -5 PM 2:27 ORIGINAL
CLERK U.S. DISTRICT COURT
CENT. DIST. OF CALIF.
LOS ANGELES
BY _____

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

CR 07-134

UNITED STATES OF AMERICA, ) Case No. 06-1760M
                               )
           Plaintiff, )
                               ) GOVERNMENT'S NOTICE OF REQUEST
                               ) FOR DETENTION
         v. )
                               )
JAMES RAY HOUSTON, )
                               )
          Defendant. )
_____ )

       Plaintiff, United States of America, by and through its counsel of record, hereby requests detention of defendant and gives notice of the following material factors:

       1.    <u>Temporary 10-day Detention Requested (§ 3142(d))</u>
              <u>on the following grounds</u>:

             a.    offense committed while defendant was on release pending (felony trial), (sentencing) (appeal) or on (probation) (parole);

             b.    alien not lawfully admitted for permanent residence;

DOCKETED ON CM
OCT 10 2006

|       |    | c. flight risk; |
|-------|----|-----------------|
|       |    | d. danger to community. |
| X     | 2. | <u>Pretrial Detention Requested (§ 3142(e)) because no condition or combination of conditions will reasonably assure against</u>: |
| X     |    | a. danger to any other person or the community; |
| X     |    | b. flight. |
| ___   | 3. | <u>Detention Requested Pending Supervised Release/Probation Revocation Hearing (Rules 32.1(a)(6), 46(d), and 18 U.S.C. § 3143(a))</u>: |
| ___   |    | a. Defendant cannot establish by clear and convincing evidence that he/she will not pose a danger to any other person or to the community; |
| ___   |    | b. Defendant cannot establish by clear and convincing evidence that he/she will not flee. |
| ___   | 4. | <u>Presumptions Applicable to Pretrial Detention (18 U.S.C. § 3142(e))</u>: |
| ___   |    | a. Title 21 or Maritime Drug Law Enforcement Act ("MDLEA") (46 U.S.C. App. 1901 et seq.) offense with 10-year or greater maximum penalty (presumption of danger to community and flight risk); |
| ___   |    | b. offense under 18 U.S.C. § 924(c) (firearm used/carried/possessed during/in relation to/in furtherance of crime), § 956(a), or § 2332b (presumption of danger to community and flight risk); |

2

|  |  |  |
|---|---|---|
| \_\_\_\_ | c. | offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1)-(a)(3), 2252A(a)(1)-2252A(a)(4), 2260, 2421, 2422, 2423 or 2425 (presumption of danger to community and flight risk); |
| \_\_\_\_ | d. | defendant currently charged with (I) crime of violence, (II) offense with maximum sentence of life imprisonment or death, (III) Title 21 or MDLEA offense with 10-year or greater maximum sentence, or (IV) any felony if defendant previously convicted of two or more offenses described in I, II, or III, or two or more state or local offenses that would qualify under I, II, or III if federal jurisdiction were present, or a combination of such offenses, AND defendant was previously convicted of a crime listed in I, II, or III committed while on release pending trial, AND the current offense was committed within five years of conviction or release from prison on the above-described previous conviction (presumption of danger to community). |
| __X__ | 5. | **Government Is Entitled to Detention Hearing Under § 3142(f) If the Case Involves:** |
| \_\_\_\_ | a. | a crime of violence (as defined in 18 U.S.C. § 3156(a)(4)) or Federal crime of terrorism (as defined in 18 U.S.C. § 2332b(g)(5)(B)) for which |

3

|   |   |    |
|---|---|----|
| 1 |   | maximum sentence is 10 years' imprisonment or more; |
| 2 | ___ b. | an offense for which maximum sentence is life imprisonment or death; |
| 3 | ___ c. | Title 21 or MDLEA offense for which maximum sentence is 10 years' imprisonment or more; |
| 4 | ___ d. | instant offense is a felony and defendant has two or more convictions for a crime set forth in a-c above or for an offense under state or local law that would qualify under a, b, or c if federal jurisdiction were present, or a combination or such offenses; |
| 5 | ___ e. | any felony not otherwise a crime of violence that involves a minor victim or the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921), or any other dangerous weapon, or involves a failure to register under 18 U.S.C. § 2250; |
| 6 | _X_ f. | serious risk defendant will flee; |
| 7 | ___ g. | serious risk defendant will (obstruct or attempt to obstruct justice) or (threaten, injure, or intimidate prospective witness or juror, or attempt to do so). |

___  6.  Government requests continuance of _____ days for detention hearing under § 3142(f) and based upon the following reason(s):

_____

4

|   |   |   |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | ___ 7. | Good cause for continuance in excess of three days |
| 5 | | exists in that: |
| 6 | | |
| 7 | | |
| 8 | | |
| 9 | | |
| 10 | DATED: 10/5/06 | Respectfully submitted, |
| 11 | | DEBRA WONG YANG |
| 12 | | United States Attorney |
| 13 | | THOMAS P. O'BRIEN |
| 14 | | Assistant United States Attorney |
| | | Chief, Criminal Division |
| 15 | | *[signature]* |
| 16 | | ELLYN MARCUS LINDSAY |
| | | Assistant United States Attorney |
| 17 | | Attorneys for Plaintiff |
| | | UNITED STATES OF AMERICA |

5