UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

UNITED STATES OF AMERICA    :
                            :
v.                          :    CASE NO. CR 07-134
                            :
SONNY VLEISIDES             :

## AFFIDAVIT IN SUPPORT OF REQUEST FOR EXTRADITION

I, Ellyn Marcus Lindsay, being duly sworn, state as follows:

1. I am a citizen of the United States of America and a resident of State of California.

2. From July 1987 until the present, I have been employed by the United States Department of Justice as an Assistant United States Attorney for the Central District of California. Assistant United States Attorneys prosecute and investigate criminal conduct throughout the United States. My duties as an Assistant United States Attorney include prosecuting persons charged with criminal violations of the laws of the United States. As an employee of the United States Attorney's Office, I am an officer of the United States government. During my practice as an Assistant United States Attorney, I have become knowledgeable about the criminal laws and procedures of the United States. Since 1992, I have been assigned to the Major Frauds Section of the United States Attorney's Office for the Central District of California. I have personally represented the United States in cases against numerous defendants charged with violations of federal criminal laws. The vast majority of those investigations have included allegations of mail and wire fraud. As a federal prosecutor, I have substantial

expertise in the criminal statutes and case law of the United States, particularly cases involving fraud and related violations.

3. In the course of my duties as an Assistant United States Attorney for the Central District of California, I have become familiar with the charges and the evidence in the case of United States v. SONNY VLEISIDES, et al., Case No. CR 07-134.

4. A joint investigation involving several law enforcement agencies including the Federal Bureau of Investigation (FBI) and the United States Postal Inspection Service (USPIS), revealed that from at least 1990 until at least July 2006, SONNY VLEISIDES and other co-schemers operated a false lottery scheme to defraud tens of thousands of people. VLEISIDES, who is the leader of the scheme along with his father, James Ray Houston (also known as Rex Rogers), managed the operation from San Jose, Costa Rica. The investigation revealed that VLEISIDES created false and misleading letters and directed others within the United States to mail hundreds of thousands of copies of these letters in order to solicit victims, mainly in the United States, to send money to be pooled to purchase large blocks of lottery tickets from foreign and domestic lotteries, including the "German Bunderschmidt," the "Irish Sweepstakes," and the "El Gordo." The fraudulent solicitations sent to victims at the direction of VLEISIDES, contained envelopes pre-addressed to commercial mail receiving agencies established and managed by other co-schemers in the Netherlands, Ireland, and other locations.

5. In response to the fraudulent solicitations, victims sent approximately $19 million, via checks, money orders, and credit cards, to the international commercial mail receiving agencies set up by VLEISIDES and the other co-schemers. Then, the

victims' money was collected at these locations and forwarded to the United States. However, lottery tickets were never purchased. Instead, VLEISIDES and his co-schemers directed the victims' money to various bank accounts in the United States. From there, VLEISIDES directed how the money was to be spent – to further the scheme, to pay small dollar amounts as alleged winnings to victims, and to provide profit to VLEISIDES and his co-schemers.

6. On October 5, 2006, United States Magistrate Judge Patrick J. Walsh approved a criminal complaint charging SONNY VLEISIDES with a violation of Title 18, United States Code, Section 1341, mail fraud, and a violation of Title 18, United States Code, Section 1343, wire fraud, and issued a warrant for his arrest.

7. On February 28, 2007, a federal grand jury in the Central District of California issued an indictment against SONNY VLEISIDES and four others, charging them with eleven counts of mail fraud and aiding and abetting and causing an act to be done, in violation of Title 18, United States Code, Sections 1341 and 2, and twelve counts of money laundering and aiding and abetting and causing an act to be done, in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(I) and 2. The indictment replaced the October 5, 2006, complaint against VLEISIDES and contains the charges for which he will be tried should VLEISIDES be extradited to the United States.

8. An indictment is a formal accusation or charging document issued by a grand jury, which is a part of the judicial branch of the U.S. government. A grand jury consists of 16 to 23 citizens impaneled to review evidence of crimes presented to it by United States law enforcement authorities. Each member of the grand jury must review

the evidence presented and determine whether there is probable cause to believe that a crime has been committed and that it is likely that the defendant committed the crime. The grand jury may return an indictment charging the defendant with a crime when at least 12 grand jurors determine that it is more likely than not that the defendant committed the crime.

9. After an indictment is returned, the court will normally issue a warrant for the arrest of the defendant. On February 28, 2007, United States Magistrate Judge Carolyn Turchin signed an order for a warrant for the arrest of VLEISIDES on the indictment.

10. It is the practice of the United States District Court for the Central District of California to retain originals of all indictment and warrants of arrest and file them with the records of the Court. Therefore, I have obtained true and accurate copies of the February 28, 2007, indictment and arrest warrant from the Clerk of the Court and have attached them to this affidavit as Exhibits A and B, respectively. The February 28, 2007, indictment and arrest warrant both remain valid and outstanding.

11. The statutes and regulations cited in the indictment and those applicable to this case are Title 18, United States Code, Sections 1341, 1956(a)(1)(A)(I), and 2. Each of these statutes and regulations was the duly enacted law of the United States at the time that the offense was committed, at the time the indictment was filed, and is now in effect. Copies of these statutes are attached as Exhibit C.

12. Counts one through eleven of the indictment charge VLEISIDES with engaging in a scheme to defraud, in violation of Title 18, United States Code, Section 1341. As set forth in Title 18, United States Code, Section 1341, the maximum term of

4

imprisonment for each count of mail fraud is twenty years.

13. Under United States law, mail fraud is simply a scheme to defraud or to obtain money by false promises or statements that involves the use of the U.S. mail system to carry out the fraudulent scheme. Use of the U.S. mail system is simply a jurisdictional requirement to confer authority upon federal authorities in the United States to prosecute the fraud. In this case, VLEISIDES and his co-defendants are charged with eleven counts of mail fraud. Each count relies upon the same scheme to defraud described in paragraphs one through five of the indictment (found at pages one through eight of the indictment). The eleven mailings which form the basis of the eleven specific counts of mail fraud are described in paragraph 6 of the indictment (found at pages nine and ten of the indictment).

14. To satisfy its burden of proof and convict VLEISIDES on Counts one through eleven of the indictment, the prosecutor, at trial, must establish beyond a reasonable doubt each of the following essential elements: (1) the defendant made up or participated in a scheme to defraud or a plan to obtain money or property by making false promises or statements; (2) the defendant knew that the promises or statements were false; (3) the promises or statements were material, that is, they would reasonably influence a person to part with money or property; (4) the defendant acted with intent to defraud, that is, the intent to deceive or cheat; and (5) the defendant used, or caused to be used, the United States mails or private or commercial carrier operating in interstate commerce to carry out or attempt to carry out an essential part of the scheme. A mailing is caused when one knows that the mails will be used in the ordinary course of business or when one can reasonably foresee such use. It does not matter whether the

material mailed was itself false or deceptive so long as the mail was used as a part of the scheme, nor does it matter whether the scheme or plan was successful or that any money or property was obtained.

15. Counts twelve through twenty-three of the indictment charge VLEISIDES with Money Laundering, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i). As set forth in Title 18, United States Code, Section 1956(a)(1)(A)(i), the maximum term of imprisonment for each count of money laundering is twenty years.

16. To satisfy its burden of proof and convict VLEISIDES on Counts twelve through twenty-three of the indictment, the prosecutor, at trial, must establish beyond a reasonable doubt each of the following essential elements: (1) the defendant conducted a financial transaction involving property that represented the proceeds of mail fraud; (2) the defendant knew that the property represented the proceeds of mail fraud; and (3) the defendant acted with the intent to promote the carrying on of mail fraud.

17. Under United States law, pursuant to Title 18, United States Code, Section 2(a), a defendant may also be found guilty of a criminal offense, including mail fraud and money laundering, even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To satisfy its burden of proof and convict a defendant of aiding and abetting, the government, at trial, must establish beyond a reasonable doubt each of the following essential elements: (1) mail fraud or money laundering was committed by someone; (2) the defendant knowingly and intentionally aided, counseled, commanded, induced, or procured that person to commit mail fraud or money laundering; and (3) the defendant acted before the crime was completed. It is not enough that the defendant merely associated with

the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime. The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit the crime charged.

18. Under United States law, pursuant to Title 18, United States Code, Section 2(b), a defendant may also be found guilty of a criminal offense, including mail fraud and money laundering, if the defendant caused the act to be done. To satisfy its burden of proof and convict a defendant of causing an act to be done, the government, at trial, must establish beyond a reasonable doubt each of the following essential elements: (1) mail fraud or money laundering was committed by someone; (2) the defendant willfully ordered, directed or otherwise brought about the commission of the crime.

19. The statute of limitations for prosecuting the offense charged in the indictment is governed by Title 18, United States Code, Section 3282, which states:

> Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed.

Because the indictment charge offenses against VLEISIDES occurring or continuing to occur on or after March 8, 2002, the indictment, dated February 28, 2007, was filed within the prescribed five year time period. Therefore, this prosecution is not barred by the statute of limitations.

20. SONNY VLEISIDES is a white male, who is 1.8 meters tall and was last known to weigh approximately 70 kilograms. He was born on February 21, 1971, in Las

Vegas, Nevada, USA. He has black hair and hazel eyes. He was issued a United States passport, number 701797046, on May 23, 1989, in New Orleans, Louisiana.. A photograph of VLEISIDES is included as part of the affidavit of Special Agent Timothy Nugent, attached hereto as Exhibit D.

21. The affidavit of Special Agent Nugent further details the evidence against VLEISIDES. This affidavit and Special Agent Nugent's affidavit were sworn to before a United States Magistrate Judge legally authorized to administer an oath for this purpose. I have thoroughly reviewed these affidavits and the attachments to them, and attest that this evidence indicates that VLEISIDES is guilty of the offenses charged in the indictment.

_____
ELLYN MARCUS LINDSAY
Assistant United States Attorney

Sworn to and subscribed before me
this 7 day of May, 2007

_____
HONORABLE SUZANNE H. SEGAL
United States Magistrate Judge

## List of Exhibits

- A. Indictment dated February 28, 2007
- B. Arrest Warrant dated February 28, 2007
- C. Relevant statutes
- D. Affidavit of IRS-CID Special Agent Timothy Nugent

   1. Photograph of SONNY VLEISIDES