GEORGE S. CARDONA
Acting United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
DANIEL A. SAUNDERS (Cal. Bar #161051)
daniel.saunders@usdoj.gov
Assistant United States Attorney
Violent & Organized Crime Section
1500 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-2272
Facsimile: (213) 894-3713

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> SONNY VLEISIDES, et al., <br><br> Defendants. | No. CR 07-134-DDP <br><br> GOVERNMENT'S OPPOSITION TO EX PARTE APPLICATION FOR ORDER DISCLOSING IN CAMERA FILINGS TO COUNSEL FOR DEFENDANT SONNY VLEISIDES |

Plaintiff United States of America, by and through its counsel of record, Assistant United States Attorney Daniel A. Saunders, hereby opposes defendant Sonny Vleisides' ex parte application for an order disclosing the government's recent _in camera_ filings in this case.

The government's submission of material to the district court _in camera_ for a determination of discoverability is wholly proper. See Pennsylvania v. Ritchie, 480 U.S. 39, 59-60 (1985) (recognizing that a court's _in camera_ review of materials that are arguably discoverable to determine whether the materials are,

in fact, discoverable is sufficient to protect a defendant's due process rights); United States v. Crowley, 720 F.2d 1037, 1045 n.5 (9th Cir. 1991) (recognizing that, under such circumstances, "[a]n in camera inspection is a sound approach"); United States v. Jones, 612 F.2d 453, 456 (9th Cir. 1979) (prosecution asserted that a document requested by the defense did not contain Brady material; court followed proper procedure where it conducted an in camera inspection and excised the irrelevant portions of the document); see also United States v. Chavez-Vernaza, 844 F.2d 1368, 1375 (9th Cir. 1988) (district court did not abuse its discretion by conducting in camera review of presentence report to see if it contained discoverable Brady material); United States v. Miller, 771 F.2d 1219, 1231 (9th Cir. 1985) (trial court should conduct in camera review of potential Jencks Act materials[1]); United States v. Dupuy, 760 F.2d 1492, 1501-03 (9th Cir. 1985) (trial court should have conducted in camera review after prosecutor told the court that her notes contained Brady material); cf. United States v. Skilling, 554 F.3d 529, 578 (9th Cir. 2009) (district court's ruling, after in camera review, that material is not discoverable is reviewed only for clear error).

    The purpose of in camera inspection is "not to provide a general discovery device for the defense," but rather "to supplement the Government's assessment of materiality with the impartial view provided by the trial judge." United States v.

---

[1] Indeed, with respect to potential Jencks Act material, in camera review is statutorily authorized as the proper procedure. 18 U.S.C. § 3500(c); see United States v. Wolfson, 55 F.3d 58, 60 (5th Cir. 1995) (discussing proper procedure for in camera review).

1  Leung, 40 F.3d 577, 583 (2d Cir. 1994).  Thus, "criminal
2  defendants have no constitutional right to know the contents of
3  Government files in order to present arguments in favor of
4  disclosure."  Id.; see Wolfson, 55 F.3d at 60 ("To the extent
5  that there is a question as to the relevance or materiality of a
6  given group of documents, the documents are normally submitted to
7  the court for in camera review.  Such review preserves the
8  confidentiality of those documents that the court determines need
9  not be disclosed to the defendant.").  The process and entire
10 purpose of in camera review would be frustrated were defendants
11 allowed to obtain materials submitted to the district court,
12 which the court has determined not to be discoverable, simply by
13 applying for disclosure of the government's in camera submission.
14      For the foregoing reasons, defendant Vleisides' ex parte
15 application for an order disclosing the government's in camera
16 filings should be denied.
17 DATED: September 11, 2009

                                   Respectfully submitted,

                                   GEORGE S. CARDONA
                                   Acting United States Attorney

                                   CHRISTINE C. EWELL
                                   Assistant United States Attorney
                                   Chief, Criminal Division


                                        /s/
                                   DANIEL A. SAUNDERS
                                   Assistant United States Attorney
                                   Violent & Organized Crime Section

                                   Attorneys for Plaintiff
                                   UNITED STATES OF AMERICA